IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMSON B. SLEWION | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| NORMAN WEINSTEIN, et al. | : | NO. 14-7313 |

MEMORANDUM

JONES, J.                                                                  JANUARY 8, 2015

Plaintiff Samson B. Slewion brings this legal malpractice action against three of his former attorneys for the second time. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss the complaint as barred by *res judicata*.

I.     FACTS[1]

In 2004, plaintiff was injured by an employee of Horton's Inn when she struck him on the head with a fire extinguisher. Plaintiff retained the defendants—Norman Weinstein, Charles Schleifer, and Richard Kupersmith—to represent him in a tort action against the Inn and other defendants. In 2005, Kupersmith filed a complaint on plaintiff's behalf in state court seeking damages not in excess of $50,000. In December of 2008, a panel of arbitrators awarded plaintiff $50,000 on his claim. Plaintiff asserts that this amount is far below the medical costs he incurred in connection with his injury and takes issue with the fact that his case was resolved by arbitration rather than a jury trial. Based on those facts, he filed the instant lawsuit asserting legal malpractice claims against the defendants.

---

[1] The following facts are taken from the complaint and publicly available court dockets related to this case.

1


CC: legal, S Slewion

As plaintiff acknowledges in his complaint, this is not the first time he has sued the defendants based on their alleged mishandling of his personal injury case. In October of 2010, he filed a complaint in this Court based on the same facts against the same defendants, which was assigned to the Honorable J. Curtis Joyner. *See Slewion v. Weinstein*, Civ. A. No. 10-5325 (E.D. Pa.). As in this case, plaintiff asserted legal malpractice claims against his former attorneys based on their failure to request more than $50,000 for his injuries, thereby subjecting his claims to arbitration. He also alleged the defendants refused to appeal his award.

Judge Joyner granted the defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis that plaintiff failed to timely file a certificate of merit in support of his claims. The dismissal was with prejudice because the statute of limitations had lapsed. The Third Circuit Court of Appeals summarily affirmed Judge Joyner's ruling on appeal, and the United States Supreme Court denied certiorari. Plaintiff subsequently filed motions in the district court seeking to reopen his case, which were denied. The Third Circuit summarily affirmed the denial of plaintiff's post-judgment motions on appeal. Apparently dissatisfied with those rulings, plaintiff "refiled his complaint with the U.S. District Court."

## II. STANDARD OF REVIEW[2]

Plaintiff is granted leave to proceed *in forma pauperis* because it appears that he is unable to pay the costs of filing suit. As plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the

---

[2] The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as the complaint seeks more than $75,000 in damages and reflects that plaintiff is a citizen of Liberia and the defendants are citizens of Pennsylvania.

same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The Court must accept plaintiff's factual allegations as true and may consider documents attached to the complaint and matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Reaves v. Pa. Bd. of Prob. & Parole*, 580 F. App'x 49, 51 n.1 (3d Cir. 2014) (per curiam); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013). As plaintiff is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

The doctrine of *res judicata* bars claims that were brought or could have been brought in a previous action. *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008). Three elements are required for *res judicata* to apply: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Marmon Coal Co. v. Dir., Office Workers' Compensation Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (internal quotation marks omitted). A dismissal with prejudice counts as a final judgment on the merits, even if the Court fails to reach the merit of the claims. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits." (internal quotations omitted)); *Kreidie v. Sec'y, Pa. Dep't of Revenue*, 574 F. App'x 114, 116-17 (3d Cir. 2014) ("As

3

explained in the Second Restatement of Judgments, the term 'on the merits' has 'misleading connotations' as 'judgments not passing directly on the substance of the claim have come to operate as a bar.'"). Here, plaintiff's complaint is barred by *res judicata* because he previously filed a complaint asserting the same claims against the same defendants, which was dismissed with prejudice. Accordingly, the Court will dismiss this action.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's complaint with prejudice as barred by *res judicata*. Plaintiff will not be given leave to file an amended complaint because he cannot cure the defect in his complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate order follows, which shall be docketed separately.